IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDREA P., <br> *on behalf of Edward Schiebel, deceased* <br><br> PLAINTIFF, <br><br> v. <br><br> NANCY BERRYHILL, <br> ACTING COMMISSIONER OF SOCIAL <br> SECURITY ADMINISTRATION, <br><br> DEFENDANT. | § § § § § § § § § § § § § § | CIVIL CASE NO. 3:17-CV-03309-BK |

## MEMORANDUM OPINION

Pursuant to 28 U.S.C. § 636 and the parties' consent, Doc. 12, the Court now considers the parties' cross-motions for summary judgment. Doc. 16; Doc. 18. Upon consideration of the pleadings and relevant law, and for the reasons stated herein, Plaintiff's *Motion for Summary Judgment*, Doc. 16, is **GRANTED**, Defendant's *Motion for Summary Judgment*, Doc. 18, is **DENIED**, the Commissioner's decision is **REVERSED**, and this case is **REMANDED** for further proceedings consistent with the Court's rulings.

### I. BACKGROUND

#### A. Procedural History

Plaintiff seeks judicial review of the final decision of the Commissioner denying her deceased father's application for Disability Insurance Benefits ("DIB") under the Social Security Act ("the Act"). Doc. 1 at 1. For ease of reference, the Court will refer to the decedent, Edward Schiebel, as Plaintiff. Plaintiff filed for benefits in February 2013, ultimately claiming that he

became disabled on that date. Doc. 8-1 at 36-38. Because Plaintiff's date last insured ("DLI") was September 30, 2014, Doc. 8-1 at 19; Doc. 8-1 at 277, the period under consideration for purposes of his DIB application is from February 2013 through September 2014. Plaintiff's claims were denied at all administrative levels, and he now appeals to this Court pursuant to 42 U.S.C. § 405(g). Doc. 8-1 at 8-9; Doc. 8-1 at 17-24; Doc. 8-1 at 121-30; Doc. 8-1 at 158-59.

### B. Factual History[1]

Plaintiff was 56 years old on his alleged onset of disability. Doc. 8-1 at 21; Doc. -1 at 155. He completed three years of college and had worked as a paralegal intermittently for 27 years. Doc. 8-1 at 35, 41, 46. In terms of his medical history, the record shows that Plaintiff suffered from edema bilaterally, polycythemia, shoulder pain and diabetes, chronic obstructive pulmonary disease, hypertension, and hyperlipidemia. Doc. 8-1 at 373-74; Doc. 8-1 at 418-19; Doc. 8-1 at 509-10, 529. His DLI was September 30, 2014. Plaintiff passed away on October 14, 2015. Doc. 8-1 at 290.

### C. The ALJ's Findings

The ALJ held that Plaintiff had the severe impairments of congestive heart failure, COPD, history of lung cancer, and degenerative joint disease. Doc. 8-1 at 19. After consideration of the evidence, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to carry out a limited range of light work. Doc. 8-1 at 24. The ALJ then concluded that Plaintiff could still perform his past relevant work as a "court clerk." Doc. 8-1 at 25-26.

---

[1] Because Plaintiff's medical condition does not factor directly into the Court's decision, this portion of the order is abbreviated.

## II. APPLICABLE LAW

An individual is disabled under the Act if, *inter alia*, he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or can be expected to last for at least twelve months. 42 U.S.C. § 423(d)(1)(A). In determining whether an individual is disabled, the Commissioner uses a five-step inquiry: (1) an individual who is working and engaging in substantial gainful activity is not disabled; (2) an individual who does not have a "severe impairment" is not disabled; (3) an individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors; (4) if an individual is capable of performing his past relevant work, a finding of "not disabled" must be made; (5) if an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and RFC must be considered to determine if any other work can be performed. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (per curium) (summarizing 20 C.F.R. §§ 404.1520(b)-(f), 416.920 (b)-(f)).

Under the first four steps of the analysis, the burden of proof lies with the claimant. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). If the claimant satisfies his burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant can perform. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

Judicial review of the Commissioner's decision is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan*, 38 F.3d at 236; 42 U.S.C. §§ 405(g), 1383(C)(3). Substantial evidence is more than a scintilla, less than a preponderance, and is such

relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett*, 67 F.3d at 564. Under this standard, the reviewing court does not reweigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

### III. DISCUSSION

Plaintiff argues that substantial evidence does not support the ALJ's conclusion that he could perform his past work as a "court clerk" because he never worked as a court clerk; rather, the evidence demonstrates that he worked as a paralegal. Doc. 17 at 23. Plaintiff maintains that his prior work as a paralegal does not constitute "past relevant work" within the meaning of the regulations because at no time did he work for over two years as a paralegal *and* have earnings that qualified as substantial gainful activity ("SGA"). Doc. 17 at 24-25.

Defendant responds that the ALJ's errant description of Plaintiff's work as a "court clerk" was a scrivener's error and, in any event, "the ALJ properly found that Plaintiff could perform his past relevant work as a paralegal" based on his RFC and the demands of his prior work. Doc. 19 at 16-17. Defendant also contends that the court clerk job mistakenly cited by the ALJ could serve as an alternate finding that Plaintiff could work in that capacity based on the vocational expert's testimony at the administrative hearing. Doc. 19 at 17-18. Plaintiff replies that even assuming the ALJ's error was a scrivener's mistake − and what the ALJ *really* meant to say was that Plaintiff could return to work as a paralegal − Plaintiff's earnings as a paralegal did not constitute SGA for long enough to be defined as past relevant work. Doc. 20 at 7.

A disability applicant's work history constitutes "past relevant work" only if (1) the claimant performed the work within the last 15 years; (2) the work lasted long enough for the claimant to learn how to perform the job; and (3) the work constituted SGA. 20 C.F.R. §§

4

404.1560(b)(1), 404.1565(a). A number of charts and regulations determine when a claimant's earnings rise to the level of SGA. 20 C.F.R. § 404.1574(b)(2). When the claimant's monthly earnings exceed a particular threshold for any given year, SGA is indicated. *Id.* If the claimant's monthly earnings do not exceed the threshold, a rebuttable presumption arises that the job is not SGA and thus, by definition, is not past relevant work. *Copeland v. Colvin*, 771 F.3d 920, 925 (5th Cir. 2014).

As an initial matter, Defendant cannot successfully maintain the position that the ALJ "meant to say" in his opinion that Plaintiff worked as a paralegal, rather than as a court clerk. The Court cannot affirm on this basis because "such reasoning is not present in the ALJ's decision, which is what this Court reviews." *Kneeland v. Berryhill*, 850 F.3d 749, 761 (5th Cir. 2017) (rejecting argument that treating physician's opinion may not conflict with the RFC if his opinion were "interpreted in a certain way."); *see also Herrmann v. Colvin*, 772 F.3d 1110, 1112 (7th Cir. 2014) (rejecting Commissioner's argument that ALJ's reference to wrong physician's name was a 'scrivener's error' because, while this was possible, "we can't assume it to be true on the basis of the lawyer's speculation."); *Dukes v. Colvin*, No. 3:14-CV-173-BF, 2015 WL 1442988, at \*4 (N.D. Tex. Mar. 31, 2015) ("In the context of social security cases, errors in ALJ decisions have been excused as mere scrivener's errors when the *ALJ's intent was apparent.*") (citation omitted) (emphasis added).

In the instant case, the ALJ's intent to classify Plaintiff as a paralegal rather than as a court clerk is far from apparent. While Plaintiff's paralegal career and the possibility of him transitioning to a court clerk were addressed by the vocational expert, Doc. 8-1 at 89-92, 97-99, the ALJ made no mention in his opinion of Plaintiff being a paralegal and, instead, repeatedly referred to Plaintiff's past relevant work as a court clerk. Doc. 8-1 at 23-24.

5

Even if the Court were inclined to adopt Defendant's interpretation of the ALJ's description of Plaintiff's past work, ultimately it would make no difference. Simply put, Plaintiff's work as a paralegal does not qualify as past relevant work for purposes of this analysis. As noted above, the Commissioner only considers a claimant's work performed within the 15 years preceding his DLI. 20 C.F.R. § 404.1560(b)(1). Plaintiff's DLI was September 30, 2014. Doc. 8-1 at 21, 277. Therefore, Plaintiff's only pertinent work occurred between September 30, 1999 and September 30, 2014.

A paralegal is classified as having an SVP[2] of seven, Doc. 8-1 at 62. An SVP of seven requires the employee to perform the work for "over 2 years up to and including 4 years." U.S. Dep't of Labor, *Dictionary of Occupational Titles* App. C, § 119.267-026 *available at* https://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOTAPPC.HTM (last visited March 27, 2019). If an employee has not performed the work for the indicated length of time, the work is not considered past relevant work.

The evidence of record reflects that Plaintiff never earned SGA for more than two consecutive years as a paralegal. *See* Doc. 8-1 at 277, 280-282 (reflecting that Plaintiff earned SGA of $73,863.89 from 1999-2000); Doc. 8-1 at 277-80, 282 (reflecting that Plaintiff earned SGA of $17,509 in 2005). In 2005, Plaintiff's SGA earnings ceased and did not resume until 2010 when he engaged in SGA amounting to $32,076.00.[3] Doc. 8-1 at 281. Consequently,

---

[2] SVP stands for Specific Vocational Preparation and is defined as the amount of time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation. https://occupationalinfo.org/appendxc_1.html#II. (last visited March 27, 2019).

[3] The Commissioner has published the threshold for SGA earnings for each year at http://www.ssa.gov/oact/cola/sga.html (last visited March 27, 2019). In 1999, SGA earnings were capped at $700.00 per month; in 2005 at $830.00 per month; and in 2010 at $1000.00 per

6

while Plaintiff collectively worked for over two years as a paralegal and, at times, the work amounted to SGA, at no point did he *both* work for two consecutive years as a paralegal *and* earn SGA. Thus, his employment as a paralegal does not constitute past relevant work as a matter of law.

Thus, Plaintiff met the first four steps of the sequential analysis, but the ALJ did not reach step five and consider whether there was other gainful employment available in the national economy that Plaintiff could perform before his DLI. *Greenspan*, 38 F.3d at 236. This error was prejudicial because the ALJ might have reached a different conclusion had he known that Plaintiff's paralegal work was not SGA. For example, the ALJ might have found that Plaintiff had transferable skills and could transition to a different type of job, but he did not explicitly address that issue. Again, the Court declines to infer or guess what the ALJ meant to do. *Kneeland*, 850 F.3d at 761; *Dukes*, 2015 WL 1442988, at *4. The Commissioner may attempt to meet her step five burden on remand. Plaintiff is entitled to summary judgment.[4]

---

month. The parties do not dispute that Plaintiff's relevant income exceeded these monthly amounts.

[4] Plaintiff raised two other arguments on appeal that the Court need not address because the error discussed above is sufficient to warrant reversal. Plaintiff may re-urge those arguments on remand, however. 20 C.F.R. § 404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's *Motion for Summary Judgment*, Doc. 16, is **GRANTED**, Defendant's *Motion for Summary Judgment*, Doc. 18, is **DENIED**, the Commissioner's decision is **REVERSED**, and this case is **REMANDED** for further proceedings consistent with the Court's rulings.

**SO ORDERED** on March 28, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE